Bethany G. Lukitsch (SBN 314376)
blukitsch@bakerlaw.com
Kamran B. Ahmadian (SBN 314566)
kahmadian@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067
Telephone:  310.820.8800
Facsimile:   310.820.8859

*Attorneys for Defendants*
RED LOBSTER MANAGEMENT LLC;
RED LOBSTER HOSPITALITY LLC

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dezzi Rae Marshall, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Red Lobster Management LLC; Red Lobster Hospitality LLC,<br><br>Defendants. | Case No.:  2:21-cv-04786-JAK-MAR<br><br>[*Assigned to Hon. John A. Kronstadt*]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Case Filed:        June 11, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the date, time, and place noticed above, Defendants Red Lobster Management LLC and Red Lobster Hospitality LLC (collectively "Defendants" or "Red Lobster"), through its counsel of record, will and hereby does move to dismiss Plaintiff Dezzi Rae Marshall's ("Plaintiff") First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted because Plaintiff's claims have been discharged and permanently enjoined by a confirmation order entered in a parallel bankruptcy proceeding filed by Red Lobster (the "Motion").

This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Kamran B. Ahmadian, the papers and pleadings filed in this action, and such other papers as may be filed with the Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 24, 2025. *See* Declaration of Kamran B. Ahmadian ("Ahmadian Decl."), ¶ 3.

Dated: January 29, 2025	**BAKER & HOSTETLER LLP**

By: _____
Bethany G. Lukitsch
Kamran B. Ahmadian

*Attorneys for Defendants*
RED LOBSTER MANAGEMENT LLC and RED LOBSTER HOSPITALITY LLC

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...............................................................................................1
II. BACKGROUND ................................................................................................1
    A. Red Lobster's Chapter 11 Bankruptcy Proceedings. ..............................1
    B. Procedural Posture of this Litigation........................................................4
III. LEGAL STANDARD .......................................................................................5
IV. ARGUMENT .....................................................................................................5
    A. Plaintiff's Claims Have Been Discharged by the Confirmation Order.........................................................................................................5
    B. The Bankruptcy Court's Permanent Injunction Bars This Action. .........6
    C. Because Plaintiff's Claims Have Been Discharged and Permanently Enjoined, Plaintiff Lacks a Cognizable Legal Theory on Which Relief Can be Granted. .............................................7
V. CONCLUSION ..................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................. 5

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1988) ................................................................................ 7

*Celotex Corp. v. Edwards*,
 514 U.S. 300 (1995) ............................................................................................. 7

*Cross v. K.B. Toys*,
 2006 WL 2437831 (N.D. Ill. Aug. 22, 2006) ....................................................... 6

*Hafer v. U.S. Dep't. of Lab Admin. Rev. Bd.*,
 277 F.App'x 739 (9th Cir. 2008) .......................................................................... 6

*Harford v. Delta Air Lines, Inc.*,
 2008 WL 268820 (N.D. Ga. Jan. 30, 2008) .......................................................... 6

*Harrington v. Purdue Pharma L.P.*,
 603 U.S. 204 (2024) ............................................................................................. 6

*Leon v. Cnty. of San Diego*,
 115 F. Supp. 2d 1197 (S.D. Cal. 2000) ................................................................ 7

*Neitzke v. Williams*,
 490 U.S. 319 (1989) ............................................................................................. 5

*O'Loghlin v. Cnty. of Orange*,
 229 F.3d 871 (9th Cir. 2000) ................................................................................ 5

**Statutes**

11 U.S.C. § 524(a)(2) ................................................................................................. 6

11 U.S.C. § 1101 et seq. ............................................................................................. 1

11 U.S.C. § 1141 et seq. ......................................................................................... 5, 6

Cal. Bus. & Prof. Code §17200 ................................................................................. 4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Cal. Bus. & Prof. Code §17500 et seq. .............................................................................4

Cal. Civ. Code §§ 1750-1785 ...........................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 5, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For months, the present case has been subject to an automatic stay pending the outcome of Red Lobster's concurrent Chapter 11 bankruptcy action. This is standard procedure when a party to a lawsuit undergoes bankruptcy during the life of a case, as the outcome of the bankruptcy action can, and often does, directly affect the claims involved. That is precisely what happened here. Red Lobster hereby moves for dismissal with prejudice of the above-captioned lawsuit filed by Plaintiff Dezzi Rae Marshall ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff's claims were discharged and enjoined by a September 2024 Confirmation Order entered in Red Lobster's Chapter 11 bankruptcy. Continued litigation of the present case not only violates the Bankruptcy Court's injunction and would be in contravention of the rules of comity, but also would prove to be futile and a waste of party and judicial resources, as the discharge prevents Plaintiff from being able to recover any judgment from Red Lobster on these claims. As such, this case should be dismissed with prejudice.

## II. BACKGROUND

### A. Red Lobster's Chapter 11 Bankruptcy Proceedings.

On May 19, 2024, Red Lobster (along with its debtor affiliates, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court"). The Debtors' Chapter 11 cases are jointly administered under the lead case captioned *In re: Red Lobster Management LLC*, Case No. 6:24-bk-02486-GER (the "Bankruptcy Case"). The Debtors include both Red Lobster Management LLC and Red Lobster Hospitality LLC. *See* Declaration of Kamran B. Ahmadian ("Ahmadian Decl."), ¶ 4. The filing of the Bankruptcy Case triggered an automatic stay under the Bankruptcy Code and paused the prosecution of any and all claims asserted against Red Lobster in this action. *See*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Dkt. No. 52.

2  On September 4, 2024, Red Lobster filed its Second Amended Joint Chapter 11 Plan for Red Lobster Management LLC and its Debtor Affiliates (the "Plan") containing detailed instructions for how Red Lobster will address various assets and liabilities, its amended corporate structure following bankruptcy, and what its operations will look like moving forward. *See* Ahmadian Decl., ¶ 5, Exh. A, the Plan. According to the Plan, because Red Lobster would be proceeding with a Reorganized Equity Sale it would "receive a ***discharge of all Claims in accordance with section 1141(d)(1) of the Bankruptcy Code***."[1] *Id.*, at Section IV.C.4.

On September 6, 2024, the Bankruptcy Court entered the Findings of Fact, Conclusions of Law, and Order (i) Approving the Adequacy of the Disclosure Statement on a Final Basis, (ii) Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and its Debtor Affiliates, (iii) Setting Deadlines, and (iv) Setting Post-Confirmation Status Conference (the "Confirmation Order") confirming the Plan. *See* Ahmadian Decl., ¶ 6, Exh. B, Confirmation Order. Pursuant to Paragraph 27 of the Confirmation Order, entitled "Discharge of Claims and Termination of Interests," Red Lobster was discharged from any and all claims or liabilities that arose before the Effective Date of September 16, 2024. *Id.*, ¶ 27. Specifically, Paragraph 27 of the Confirmation Order states:

> Except as otherwise provided in the Plan or this Confirmation Order, upon the Plan Effective Date, the Reorganized Debtors, shall (i) ***be deemed to have received a discharge under section 1141(d) of the Bankruptcy Code and release from any and all Claims and any other obligations, suits, judgments, damages, debts, rights, remedies, Causes of Action or liabilities … including without limitation, liabilities that arose before the Plan Effective Date*** (including prior to the Petition Date).

---

[1] Citing to the Bankruptcy Code, the Plan defines a "Claim" broadly as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, matured, disputed, undisputed, legal, equitable, secured, or unsecured." *See* Ahmadian Decl., ¶ 5, Exh. A, the Plan at Section I. A. (citing 11 U.S.C. § 101(5)(A)).

-2-

The Confirmation Order further states that that it shall operate as a judicial determination of such discharge:

> Except as expressly provided in the Plan or this Confirmation Order, this Confirmation Order *constitutes a judicial determination, as of the Plan Effective Date, of such discharge, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against any Debtor, their respective assets, property and Estates at any time, to the extent such judgment is related to a discharged Claim, Cause of Action, debt, liability, or Interest of any kind in any of the Debtors*.

*Id.* at ¶ 27.

Paragraph 29(v) of the Confirmation Order as well as Article VIII(A)(5) of the Notice of Injunction permanently enjoins any party from bringing a lawsuit or continuing a lawsuit based on any of the discharged claims:

> Except as otherwise expressly provided in the Plan or the Confirmation Order with respect to the Plan, *all Persons who have held, hold, or may hold any Claims or Causes of Action against, or Interests in, any of the Debtors that have been released, discharged, or are subject to release or exculpation hereunder are permanently enjoined, from and after the Plan Effective Date, from taking any of the following actions against any of the Debtors, the Reorganized Debtors* … or any of the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claim, Cause of Action, or Interest.

*Id.*, Exh. B, Confirmation Order, ¶ 29(v); ¶ 7, Exh. C, Notice of Injunction at Article VIII(A)(5). The Confirmation Order represents the Bankruptcy Court's formal approval of the Plan and confirmation of its provisions. There is nothing in the Confirmation Order, nor the Plan, which excludes Plaintiff's claims from either provision. Accordingly, Plaintiff's claims have been discharged and/or enjoined as of the Effective Date of the Plan, which is September 16, 2024, and any continuation of the present case would contravene the provisions of the Confirmation Order. *See id.*, ¶ 8, Exh. D, Notice of Effective Date. The Bankruptcy Court formally closed the Bankruptcy Case on December 27, 2024. *Id.*, ¶ 9, Exh. E, Order Closing Bankruptcy Case.

\\

### B. Procedural Posture of this Litigation.

On June 11, 2021, Plaintiff filed her initial class action complaint asserting similar claims against four Red Lobster entities: Red Lobster Management LLC, Red Lobster Seafood Co., LLC, Red Lobster Restaurants LLC, and Red Lobster Hospitality LLC. *See* Dkt. No. 1. After a meet and confer between the parties, Plaintiff agreed amend her complaint to only include the current Red Lobster entities. *See* Dkt. No. 19. On September 20, 2021, Plaintiff filed the operative FAC alleging, *inter alia*, violations of California consumer protection laws related to Red Lobster's sustainability claims printed on its menu. *See generally*, FAC. As made clear in the FAC, Plaintiff's claims arise from a January 4, 2020 visit to a Red Lobster restaurant in Valencia, California. *Id.* at ¶ 23. The FAC asserts three causes of action on behalf of a putative class of "California" purchasers: (1) California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA"), (2) False Advertising Law, Cal. Bus. & Prof. Code §17500, et seq. ("FAL"), and (3) Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL"), all based solely on the veracity of sustainability representations that she saw in Red Lobster's printed menu during that visit. *Id.* at ¶¶ 73, 87-113.

Upon its filing, the Bankruptcy Case triggered an automatic stay of this case under the Bankruptcy Code and paused the prosecution of any and all claims asserted against Red Lobster in this action. Red Lobster formally notified Plaintiff of the Bankruptcy Case and automatic stay in this court on June 10, 2024. *See* Dkt. No. 52. In the months following, pursuant to this Court's Order dated June 11, 2024, Dkt. No. 53, Red Lobster submitted several status reports updating this Court on the Bankruptcy Case. On December 10, 2024, Red Lobster submitted its Third Bankruptcy Status Report, and requested that this Court dismiss the instant case based on the Confirmation Order. Pursuant to this Court's direction, Red Lobster formally moves this Court to dismiss Plaintiff's claims with prejudice based on the bankruptcy court's Confirmation Order. *See* Dkt. No. 58.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "If as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## IV. ARGUMENT

### A. Plaintiff's Claims Have Been Discharged by the Confirmation Order.

Plaintiff's consumer protection claims in this matter have has been discharged pursuant to the plain terms of the Confirmation Order and the Bankruptcy Code. Paragraph 27 of the Confirmation Order provides that Red Lobster has received a "discharge under section 1141(d) of the Bankruptcy Code and release from any and all Claims and any other obligations, suits, judgments, damages, debts, rights, remedies, Causes of Action or liabilities, and any Interests or other rights of a holder of any Security or other ownership interest, of any nature whatsoever, including, without limitation, liabilities that arose before the Plan Effective Date." Ahmadian Decl., Exh. B, Confirmation Order, ¶ 27. Section 1141 of the Bankruptcy Code provides that "... the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation...." 11 U.S.C. § 1141(d)(1).

Here, Plaintiff's claims clearly arose *before* the September 16, 2024 Effective Date. Not only was the initial complaint filed on June 11, 2021, but based on the allegations in the FAC, her claims against Red Lobster arose on January 4, 2020. *See* Dkt. Nos. 1, 18. Accordingly, because Plaintiff's claims accrued at least four years before the Effective Date of the Plan, Plaintiff's claims have been discharged. *See, e.g., O'Loghlin v. Cnty. of Orange*, 229 F.3d 871, 874 (9th Cir. 2000) ("[A] claim

1  arises, for purposes of discharge in bankruptcy, at the time of the events giving rise
2  to the claim, not at the time plaintiff is first able to file suit on the claim."); *see also*
3  *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 214-15 (2024) ("[o]nce the
4  bankruptcy court issues an order confirming the plan, that document binds the debtor
5  and its creditors going forward – even those who did not assent to the plan.").  Courts
6  have routinely dismissed pending lawsuits that have been discharged in bankruptcy
7  pursuant to § 1141(d).  *See Hafer v. U.S. Dep't. of Lab Admin. Rev. Bd.*, 277 F.App'x
8  739, 740 (9th Cir. 2008) (affirming district court's decision to dismiss a plaintiff's
9  claim that had been discharged in concurrent Chapter 11 bankruptcy proceedings,
10 holding that the "decision [was] compelled by the terms of the Confirmation Order
11 which enjoins the continuation of any claims against [the defendant]."); *Harford v.*
12 *Delta Air Lines, Inc.*, No. 1:06-CV-2218-WSD, 2008 WL 268820, *3 (N.D. Ga. Jan.
13 30, 2008) (dismissing retaliation claim pursuant to discharge under bankruptcy plan);
14 *Cross v. K.B. Toys*, No. 05-C-6137, 2006 WL 2437831, at *3 (N.D. Ill. Aug. 22,
15 2006) (dismissing retaliation claim where alleged adverse employment action
16 occurred before confirmation of defendant-employer's reorganization plan).

17 **B.  The Bankruptcy Court's Permanent Injunction Bars This Action.**

18 In addition to discharge, the Confirmation Order and Bankruptcy Code also
19 permanently prohibit the continuation of this lawsuit.  Ahmadian Decl., Exh. B,
20 Confirmation Order, ¶ 27 (Plaintiff is "permanently enjoined from and after the Plan
21 Effective Date, from taking any of the following actions against any of the Debtors,
22 the Reorganized Debtors…or any of the Released Parties: (1) commencing or
23 continuing in any manner any action or other proceeding of any kind on account of
24 or in connection with any such Claim, Cause of Action, or Interest"); 11 U.S.C. §
25 524(a)(2) ("A discharge in a case under this title…operates as an injunction against
26 the commencement or continuation of an action, the employment of a process, or an
27 act, to collect, recover or offset any such debt as a personal liability of the debtor.").
28 Upon the Effective Date of the Plan, the automatic stay ended, and the injunction set

forth in Paragraph 27 of the Confirmation Order became effective and binding. Accordingly, Plaintiff is enjoined from continuing the proceedings in this matter absent relief from the Bankruptcy Court from the Confirmation Order.[2]

### C. Because Plaintiff's Claims Have Been Discharged and Permanently Enjoined, Plaintiff Lacks a Cognizable Legal Theory on Which Relief Can be Granted.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Leon v. Cnty. of San Diego*, 115 F. Supp. 2d 1197, 1999 (S.D. Cal. 2000); *See also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To dismiss with prejudice, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proven." *Id.* at 1200.

Here, there can be no set of facts proven which would entitle Plaintiff to relief. Plaintiff is permanently and fully enjoined from taking any action to continue this case, quashing any existing dispute regarding the underlying facts. Further, even if the instant case were to somehow proceed to a judgment in favor of Plaintiff, the Confirmation Order explicitly "void[s] and extinguish[es] any judgment obtained against any Debtor… to the extent such judgment is related to a discharged Claim." Ahmadian Decl., Exh. B, Confirmation Order, ¶ 27. Simply, there is no conceivable path through which Plaintiff's claims can be fully adjudicated and reduced to an enforceable judgment.

Thus, it is clear that Plaintiff lacks an actionable, cognizable legal theory on which relief can be granted. The underlying facts have been rendered non-justiciable by virtue of the Confirmation Order's discharge and permanent injunction,

---

[2] Plaintiff is also unable to seek relief through an appeal attempting to challenge the Confirmation Order, as an appeal of a Bankruptcy Court's ultimate decision must be made "to the district court for the judicial district in which the bankruptcy judge is serving." *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995).

eradicating any issue of material fact in dispute and making it impossible for Plaintiff to prove she is entitled to relief. Not only that, but any action Plaintiff takes to continue this case is either enjoined or futile, as it would be similarly impossible for Plaintiff to enforce a judgment against Red Lobster. This impossibility makes it unequivocable that Plaintiff lacks a cognizable legal theory on which relief can be granted, and therefore, this case must be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Red Lobster respectfully requests that the Court enter an Order dismissing Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: January 29, 2025    **BAKER & HOSTETLER LLP**

By: _____
Bethany G. Lukitsch
Kamran B. Ahmadian

*Attorneys for Defendants*
RED LOBSTER MANAGEMENT LLC;
RED LOBSTER HOSPITALITY LLC

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Defendants, hereby certifies that this brief contains 2,356 words, which complies with the word limit of L.R. 11-6.1.

_____
Kamran B. Ahmadian