UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04786-JAK (MARx) | Date | May 27, 2025 |
| Title | Marshall v. Red Lobster Management LLC et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS (DKT. 61)

**I.    Introduction**

On June 11, 2021, Dezzi Rae Marshall ("Plaintiff") brought this putative class action against Red Lobster Management LLC; Red Lobster Seafood Co., LLC; Red Lobster Restaurants LLC; and Red Lobster Hospitality LLC. Dkt. 1. On September 20, 2021, Plaintiff filed a First Amended Complaint (the "FAC" (Dkt. 18)), which is the operative one, against only Red Lobster Management LLC and Red Lobster Hospitality LLC (collectively, "Red Lobster" or "Defendants"). Dkt. 18. On September 20, 2021, the remaining defendants were dismissed. *See id.* The FAC advances three causes of action: (1) Unfair and Deceptive Acts and Practices in Violation of the California Consumer Legal Remedies Act; (2) Violations of California's False Advertising Law; and (3) Violation of California's Unfair Competition Law. *Id.* ¶¶ 87–113.

On June 10, 2024, Red Lobster filed a notice of bankruptcy (the "Bankruptcy Notice"). Dkt. 52. The Bankruptcy Notice states that Red Lobster filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Middle District of Florida. Dkt. 52 at 2. The matter was pending under the jointly administered case, *In re: Red Lobster Management, LLC*, Case No. 6:24-bk-02486-GER (the "Bankruptcy Case"). Dkt. 57 at 2. On June 11, 2024, an Order issued staying this action, pursuant to Section 362(a) of the Bankruptcy Code. Dkt. 53.

On September 6, 2024, the Bankruptcy Court entered an Order Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and its Debtor Affiliates (the "Confirmation Order"). Dkt. 57 at 2. The Confirmation Order discharges all claims that accrued prior to the filing of the voluntary petition. *Id.*

On January 29, 2025, Defendants filed a motion to dismiss (the "Motion"). Dkt. 61. On February 26, 2025, Plaintiff filed a notice of non-opposition to the Motion (the "Non-Opposition"). Dkt. 62.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 63. For the reasons stated in this Order, the Motion is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-04786-JAK (MARx) | Date | May 27, 2025 |
|---|---|---|---|
| Title | Marshall v. Red Lobster Management LLC et al. | | |

**II.     Background**

      A.     Parties

It is alleged that Plaintiff is a citizen of California and a resident of Los Angeles County. Dkt. 18 ¶ 22. It is alleged that Red Lobster is a Florida limited liability company with its principal place of business in Florida. *Id.* ¶¶ 19, 20.

      B.     Allegations in the FAC

The FAC alleges that Red Lobster makes marketing claims on its restaurant menus that its products are sustainable and did so with the intent to cause consumers to rely on them. *Id.* ¶¶ 1, 11. The FAC alleges that, contrary to these representations, Red Lobster sources its products from suppliers that "use environmentally destructive practices" and "do not employ the highest environmental or animal welfare standards." *Id.* ¶¶ 7, 8. The FAC alleges that, based on the aforementioned representations, Plaintiff and other putative class members paid more for Red Lobster's products than they otherwise would have paid for alternative products, purchased products when they otherwise would not have, or purchased more products than they otherwise would have, had they known the truth about Red Lobster's production and sourcing practices. *Id.* ¶ 13.

      C.     The Confirmation Order

On September 6, 2024, the Bankruptcy Court entered an Order Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and its Debtor Affiliates (the "Confirmation Order"). *See* Dkt. 61-4. Paragraph 27 of the Confirmation Order, entitled "Discharge of Claims and Termination of Interests," discharges Red Lobster from any and all claims or liabilities that arose before the Confirmation Order's effective date of September 16, 2024. Dkt. 61-3 at 47; Dkt. 61-5 at 3. The Confirmation Order states:

> Except as otherwise provided in the Plan or this Confirmation Order, upon the Plan Effective Date, the Reorganized Debtors, shall (i) be deemed to have received a discharge under section 1141(d) of the Bankruptcy Code and release from any and all Claims and any other obligations, suits, judgments, damages, debts, rights, remedies, Causes of Action or liabilities, and any Interests or other rights of a holder of any Security or other ownership interest, of any nature whatsoever, including, without limitation, liabilities that arose before the Plan Effective Date (including prior to the Petition Date).

Dkt. 61-3 at 47.

**III.    Analysis**

      A.     Legal Standards

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must allege facts that, if established, would be sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04786-JAK (MARx) | Date | May 27, 2025 |
| Title | Marshall v. Red Lobster Management LLC et al. | | |

A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a cause of action that fails to state a claim in accordance with the foregoing standards. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

    B.    Application

In support of the Motion, Defendants argue that Plaintiff's consumer protection claims in this matter have been discharged pursuant to the plain terms of the Confirmation Order and pursuant to the Bankruptcy Code. Dkt. 61 at 10. They contend that "Plaintiff's claims clearly arose *before* the September 16, 2024 Effective Date" because the initial compliant was filed on June 11, 2021, and, based on the substantive allegations in the FAC, the claims arose on January 4, 2020. *Id.* They also argue that the Confirmation Order and Bankruptcy Code permanently preclude the continuation of this lawsuit. *Id.* at 11. They then contend that, because Plaintiff's claims have been discharged and permanently enjoined, Plaintiff lacks a cognizable legal basis on which relief can be granted. *Id.* at 12.

The Non-Opposition states that Plaintiff consents to dismissal of this matter consistent with the Confirmation Order. Dkt. 62 at 2. The Non-Opposition states that Plaintiff's consent to dismissal is without prejudice to any potential future claims arising from conduct occurring entirely after the Effective Date of the Confirmation Order. *Id.*

Under Title 11 of the U.S. Code Section 1141(d)(1)(A), the confirmation of a bankruptcy plan or reorganization "discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d). It is undisputed that Plaintiff's claims arose before the effective date of the Confirmation Order. Thus, Plaintiff's claims have been discharged and Plaintiff cannot state a claim on which relief can be granted. Therefore, this action is **DISMISSED WITH PREJUDICE**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04786-JAK (MARx) | Date | May 27, 2025 |
| Title | Marshall v. Red Lobster Management LLC et al. | | |

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. Because Plaintiff's claims were discharged in the bankruptcy proceeding, any further amendment to the FAC would be futile. Accordingly, this action is dismissed in its entirety, with prejudice; provided, however, this does not preclude Plaintiff from seeking to advance new claims arising from conduct occurring entirely after the Effective Date of the Confirmation Order. *See* Dkt. 62 at 2.

**IT IS SO ORDERED.**

                                                                                                          :
                                                            Initials of Preparer      DT